# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARLENE DELGADO,

                                              Plaintiff,

                -against-

DONALD J. TRUMP FOR PRESIDENT, INC.,
TRUMP FOR AMERICA, INC., SEAN SPICER,
individually, REINCE PRIEBUS, individually,
STEPHEN BANNON, individually,

                                              Defendants.
-----------------------------------------------------------------X

**19-CV-11764 (AT) (KHP)**

**ORDER REGARDING OUTSTANDING DISCOVERY ISSUES AND SCHEDULING ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Fact discovery in this action closed on May 7, 2024 except as to responses to specific interrogatories and requests to admit previously allowed by the Court and as otherwise set forth herein. On May 7, 2024, Plaintiff filed a letter motion for an extension of time for certain discovery and a motion to compel discovery. (ECF Nos. 297, 298.) In an effort to bring discovery to a close in this long running case, the Court addresses the issues raised in Plaintiff's letters and sets forth the remaining deadlines in this case, some modified based on Plaintiff's submissions and outstanding discovery issues.

**PARSCALE DEPOSITION:**

Plaintiff was permitted additional time to complete the deposition of Brad Parscale. She contends that Mr. Parscale's counsel made improper objections and directions not to answer. **By May 17, 2024**, Plaintiff may file a formal motion to compel, no more than 10 double-spaced pages, as to the questions for which she believes there were improper direction not to answer. The motion should attach only those pages from the deposition transcript containing the questions and answers/directions not to answer at issue in the motion. The motion should

1

explain why the information sought through the question is relevant to the parties' claims and defenses and proportional to the needs of the case. Mr. Parscale shall have until **May 24, 2024** to file his opposition to the motion. No reply brief is permitted. If the Court grants any portion of Plaintiff's motion, the Court will permit Plaintiff to re-depose Mr. Parscale but only to obtain the answers to the questions the Court finds proper.

**MOTION TO DEPOSE OR FILE WRITTEN INTERROGATORIES ON JUSTIN CLARK**

Plaintiff has moved to obtain additional discovery from Justin Clark on the grounds that he signed a recent substitution of counsel on behalf of Donald J. Trump for President, Inc. (the "Campaign"). Plaintiff's request is DENIED. Discovery deadlines have passed, and the information Plaintiff seeks is not relevant to the claims and defenses in this action.

**MOTION TO COMPEL CLIENT'S IDENTITY**

Plaintiff has moved to learn the "identity" of the Campaign Defendant and, specifically, the identity of the persons from that entity with whom its counsel is speaking and taking direction. This motion is DENIED.

The cases Plaintiff cites regarding whether a client's identity is privileged are inapposite. The *Nordbank* case involved an email that plaintiff claimed was privileged between plaintiff's counsel and a nonparty, in which the nonparty sought to retain plaintiff's counsel. *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 69 n.5 (S.D.N.Y. 2009). The court held that the email simply revealed that the nonparty was a potential client of plaintiff's counsel, which on its own was not protected by the attorney client privilege. The other case cited by Plaintiff, *Lefcourt*, involved an attorney who failed to include his client's name on an IRS form which required the client's name to report transactions in excess of $10,000. *Lefcourt v.*

2

*United States*, 125 F.3d 79, 81 (2d Cir. 1997). The Court rejected the argument that including the client's name on the IRS form would have violated the attorney client privilege. *Id.* at 87-88. Thus, both cases involved a situation where a party did not want to disclose the name of a client of an attorney. They do not stand for the proposition that a corporate party's counsel must reveal the names of all the individual representatives of the company who interact with counsel.

Here, Defendants' identity as the Trump Campaign is known. It is not being withheld from Plaintiff. Plaintiff is also aware of the identity of a Campaign representative, Justin Clark. Plaintiff has also deposed a 30(b)(6) witness and others affiliated with the Campaign. Defendants' counsel is not required to inform Plaintiff of the identity of each individual who speaks with counsel on behalf of the Defendant Campaign.

**DECEMBER 27, 2016 DOCUMENT**

Defendants' former counsel represented that it had searched for this document and produced all versions of it that it could locate. The Court has no reason to doubt this representation. Additionally, former counsel has filed a letter with the Court confirming that they reached out to predecessor counsel as I had asked concerning the document and learned that it had already been produced. (ECF No. 289.) The Court is entitled to rely on the representations of Defendants' counsel, as an officer of the Court, that he has discharged his obligation to conduct a diligent and reasonable search for the document. *See, e.g.*, *Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020); *Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22,

3

2020); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016).

Thus, the Court considers this matter closed.

**INFORMATION REGARDING OTHER COMPLAINTS OF GENDER, PREGNANCY DISCRIMINATION, SEXUAL HARASSMENT**

This Court previously ordered Defendants to produce complaints of gender discrimination, sexual harassment and pregnancy discrimination filed by employees of the 2016 and 2020 campaigns. This is consistent with case law holding that evidence regarding similar acts is relevant to the plaintiff's claim. *See, e.g., Ortega v. Fedcap Rehab. Servs., Inc.*, 2003 WL 21383383, at *1 (S.D.N.Y. June 16, 2003) ("[b]ecause intent is in issue [in discrimination cases] ... similar act evidence may be admissible.") (citing Fed. R. Evid. 404(b)). Nonetheless, the Court now recognizes the need to clarify what constitutes a "complaint" consistent with its prior order. Typically, only written internal complaints and charges of discrimination filed with human rights agencies or courts are ordered to be produced, as wholesale production of discovery about other complaints and cases is disproportionate to the needs of a case and diverts the parties' attention to the merits of other people's claims rather than the claims in their action. To clarify, the Campaign need only produce written internal complaints and complaints filed with human rights agencies and courts.

With the above clarification, I address Plaintiff's motion. As the Court understands it, Defendants' prior counsel produced certain other complaints of discrimination. Plaintiff now seeks disclosure of unwritten complaints. This request is unreasonable and inconsistent with the type of discovery that is ordered by courts in this Circuit and that was contemplated by this Court. However, to the extent Plaintiff has now identified Megan Powers, Brad Parscale and

Michael Glassner as individuals who might have received an email or text message complaint of gender discrimination, sexual harassment or pregnancy discrimination, the Campaign shall, if it has not done so already, conduct a search of such individuals' ESI as well as the ESI of Lucia Castellano and, if she served in a Human Resources Role, Stephanie Alexander, to locate any such complaints and produce them. The Campaign has until **May 31, 2024** to produce this information. The search shall include the terms "pregnant," "pregnancy," "expecting w/in 3 words of child or baby," "hostile work environment," "harassment or harassed," "discriminated or discriminating." The Campaign also shall confirm that it has produced any complaints of gender discrimination, sexual harassment and pregnancy discrimination filed by employees of the 2016 and 2020 campaigns with any state human rights agency or court. Thus, Plaintiff's motion is GRANTED in part and DENIED in part consistent with the above. Any failure to produce the information may result in discovery sanctions under Rule 37. Any motion for sanctions pursuant to Rule 37 with regard to the production of this information is due **June 7, 2024** and opposition is due **June 14, 2024**. No reply is permitted. Briefs are limited to 10 pages, double-spaced, 12 pt. font. The Court trusts that no such motion practice will be necessary.

**MOTION TO COMPEL REGARDING KASOWITZ PAYMENTS**

The Court is in receipt of Plaintiff's request to move to compel information regarding payments received from the Kasowitz firm. This request is DENIED. Plaintiff is not entitled to discovery of how other cases may or may not have been resolved. Such information is not relevant or necessary for the prosecution of this case and, given the information that has been produced or will be produced pursuant to this Order, the additional information sought from the Kasowitz firm is not proportional to the needs of this case. Additionally, Plaintiff has had

ample time to seek discovery from the Kasowitz firm and did not do so in the many years this case has been pending. Thus, the Court will not extend discovery for the purpose of seeking this discovery or entertain any further motions regarding this topic. Accordingly, Plaintiff's motion is DENIED as to this request.

**THE HR DIRECTOR NAME**

Defense counsel shall confirm whether Megan Powers or Stephanie Alexander was the HR Director for the campaign. Defense counsel shall provide this information to Plaintiff **within 7 days from the date of this Order**. Accordingly, Plaintiff's motion is GRANTED as to this request.

**RENEWED MOTION TO SERVE SUBPOENA ON OR DEPOSE STORAGE VENDOR REPRESENTATIVE AT 2M**

Plaintiff has moved for reconsideration of my prior decision denying her request to serve a subpoena on or depose the Campaign's ESI vendor. The standard governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. *Abrahamson v. Bd. of Educ.*, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)

6

(citing Shrader, 70 F.3d at 257). And, as I have noted previously, discovery on discovery is disfavored absent a showing of abuse. *Roche Freedman LLP v. Cyrulnik*, 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023).

Here, there has been no showing of abuse by the Campaign in the conduct of discovery. Further, no new information has been presented that persuades the Court otherwise such that discovery into 2M is justified. Thus, Plaintiff's motion is DENIED as to this issue.

**DOCUMENT SUBPOENA OF BRIAN WALSH**

Although discovery ended on May 7, 2024, because Plaintiff served her document subpoena on Brian Walsh by May 7, the Court will extend discovery for purposes of Walsh responding to the subpoena. Any motion to compel a response to the subpoena shall be due **May 17, 2024**. Any opposition to such motion shall be due **May 24, 2024**. No reply is permitted. Briefs are limited to 10 double-spaced pages, 12 pt font. Plaintiff shall inform Walsh of these deadlines if there is a dispute over his response to the subpoena by no later than May 17, 2024.

**MCGAHN INTERPRETATION/CASTELLANO DEPOSITION**

The Court interprets Plaintiff's motion with regard to the McGahn/Castellano deposition as requesting a broader range of questioning than previously ordered by the Court. This motion is DENIED. Depositions are limited to what was included in the Court's prior Order.

With regard to the deposition of Donald McGahn, to the best of the Court's recollection, Plaintiff represented that McGahn was located in New York. Thus, the Court is unclear as to why there is a proceeding in D.C. concerning this deposition subpoena. Nevertheless, the purported purpose of the deposition was to learn what the qualification requirements were for

7

working in the White House in 2017 specifically as to security clearances. The reason this information is relevant is to explore whether Plaintiff would or would not have met the security clearance requirements for working at the White House had she been offered a position there. The subpoena must be limited to questions concerning this information. All of the above is subject to the resolution of the motion before the D.C. Court. Also, in light of the fact that the McGahn subpoena was served prior to May 7, 2024, the Court will permit the deposition of McGahn to take place within 30 days after resolution of the motion in the D.C. Court and subject to its decision on the motion.

**JARED KUSHNER, LUCIA CASTELLANO, MICHAEL GLASSNER, STEPHEN BANNON DEPOSITIONS:**

Plaintiff requests an extension of discovery to conduct the depositions of Jared Kushner, Lucia Castellano, Michael Glassner, and Stephen Bannon. The subpoenas for Glassner, Castellano and Kushner were originally issued on March 7 and issued a second time on April 29. The subpoena for Bannon was originally issued on April 4 and a second time on April 29. The Court extended the deadline for third-party depositions several times already and in connection with the last extension did so *only* if the subpoenas could be served and the depositions conducted by May 7, 2024. The Court allowed for this in an abundance of solicitude to the Plaintiff and noted that Plaintiff, previously represented by counsel, has had more than adequate time to conduct third-party depositions. That they did not conduct all of the discovery Plaintiff wants does not justify extending discovery. "Absent extraordinary circumstances, a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence" even if that results in a party not obtaining certain discovery. *Lastra v. Weil, Gotshal & Manges LLP*, No. 03CIV.8756(RJH)(RLE), 2005 WL 551996, at

8

*4 (S.D.N.Y. Mar. 8, 2005); *Chira v. Lockheed Aircraft, Corp.,* 634 F .2d 664, 666-67 (2d Cir.1980); *Gadsden v. Jones Lang Lasalle Americas, Inc.,* 210 F.Supp.2d 430, 436-37 (S.D.N.Y.2002). See also *Scott v. City of New York Dept. of Correction*, 2007 WL 4178405 (S.D.N.Y. Nov. 26, 2007).

At this point, Plaintiff fails to show good cause for further extending discovery for purposes of the above depositions because the subpoenas have not even been served by the deadline of May 7, 2024. The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Avenue Delicatessen Inc,* 496 F.3d 229, 244 (2d Cir.2007); *see also Morales v. City of New York*, No. 18CV1573 (JGK) (DF), 2020 WL 2571029, at *2 (S.D.N.Y. May 20, 2020). That Plaintiff herself, at the last minute, decided to obtain subpoenas for multiple witnesses to conduct discovery that was not conducted over the course of this case does not demonstrate diligence. Moreover, the Court expressed skepticism that the discovery could be conducted within the time-frame set and was clear that if it could not be completed by May 7, then it would simply not be obtained. The Court must consider the burdens of additional discovery and prejudice to other parties. In considering all of the discovery that has been conducted, which has included depositions of the individual defendants, a 30(b)(6) deposition of the Campaign, and some non-party depositions as well as extensive document discovery, Plaintiff has already obtained sufficient information to prosecute her case. Extending discovery further to allow service of non-party subpoenas that may be subject to objections and further motion practice threatens to drag out discovery even

9

longer than it already has been dragged out, and at the expense of non-parties.[1]  For all these reasons, Plaintiff is not permitted to serve these subpoenas or to pursue these non-party depositions, as the time to do so has expired.

For the above reasons, Plaintiff's motion to extend discovery to conduct these four depositions is DENIED.

**ERIC TRUMP PRIVILEGE LOG**

Plaintiff complains that the privilege log provided by Eric Trump was deficient but does not explain how.  Plaintiff is directed to meet and confer with counsel for Eric Trump about these deficiencies and resolve any issues.  Any motion to compel production of a document withheld by Eric Trump as privileged is due **May 17, 2024**.  Opposition brief due **May 24, 2024**.  No reply.  A copy of the privilege log entries at issue shall be appended to the motion.  Briefs are limited to 10 double spaced pages, 12 pt. font.  Plaintiff shall advise counsel for Eric Trump of these deadlines by no later than May 17, 2024.

**REMAINING DISCOVERY:**

This Court previously set a deadline for certain contention interrogatories and requests to admit.  Responses to contention interrogatories are due **May 26, 2024** and responses to the requests to admit are due **June 7, 2024**.  These deadlines will not be extended.  However, if there is a dispute over the responses and whether they were proper, motions to compel are due **June 14, 2024** and oppositions to such motions are due **June 21, 2024**.  No reply is

---

[1] There is no evidence that Bannon was served with the amended complaint and he never has appeared in this action.

10

permitted.  Briefs are limited to 10 double spaced pages, 12 pt. font.  The specific interrogatory and answer or request to admit and answer at issue must be appended to the motion.

Defendants shall comply with the deadlines set forth above with regard to production of remaining documents.  No extensions of these deadlines will be granted.

The Court reminds Plaintiff that she may not email letters to Chambers.  Rather, all communications with the Court must go through the pro se office.

In light of the remaining discovery and potential for motion practice, the Court hereby resets the deadlines for any motions for summary judgment as follows:  Motions for Summary Judgment due **July 31, 2024**.  Moving briefs limited to 25 double spaced pages, 12 pt. font.  Opposition briefs due **August 30, 2024**.  Opposition briefs limited to 25 double spaced pages, 12 pt. font.  Reply briefs due **September 18, 2024**.  Reply briefs limited to 10 double spaced pages, 12 pt. font.  The Court notes that Rule 56.1 statements and responses shall be filed with the briefs consistent with Local Rule 56.1.  To the extent the above-schedule conflicts with Judge Torres' Individual Practices for motions for summary judgment, the parties are directed to follow the above schedule as to motions for summary judgment.  In other words, no pre-motion letter or filing of 56.1 statements in advance of briefing is required.

## CONCLUSION

This Order resolves the issues raised in ECF Nos. 297 and 298, and therefore, the conference scheduled for May 15, 2024 is adjourned *sine die*.  The Clerk of Court is respectfully requested to terminate the motions at ECF 297 and 298.

11

**SO ORDERED.**

New York, New York
May 14, 2024

_____
Katharine H. Parker
U.S. Magistrate Judge

12